UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DREXEL NARCISSE and DENISE NARCISSE | CIVIL ACTION |
| VERSUS | NO. 06-6760 |
| ALLSTATE INSURANCE COMPANY, ROBERT T. GUALTIERI and JAMES CREEL | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is the Motion to Remand filed by plaintiffs, Drexel Narcisse and Denise Narcisse (hereafter referred to as "Plaintiffs" or "Narcisse"). The motion is opposed by the removing defendant, Allstate Insurance Company ("Allstate"). Also named as defendants are Robert T. Gualtieri ("Gualtieri"), an insurance agent, and James Creel ("Creel"), an individual adjuster of the plaintiffs' insurance claim. For the foregoing reasons, plaintiffs' Motion to Remand is **GRANTED**.

### FACTUAL BACKGROUND AND CONTENTIONS OF THE PARTIES

On August 29, 2005, Hurricane Katrina made landfall across southeast Louisiana and southern Mississippi. As a result, plaintiffs made claims on the subject insurance policy, issued by Allstate and purchased through Gualtieri, regarding coverage of their property located at 17977 Highway 15, Pointe-a-la-Hache, Louisiana, in the Parish of Plaquemines, State of Louisiana. Plaintiffs' claim was handled by claims adjuster Creel.

1

On August 23, 2006, plaintiffs filed suit in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, against Allstate, Gualtieri, and Creel.  Plaintiffs claim that the Allstate policy issued to them provides coverage for various damages sustained as a result of the hurricane, and also that Allstate is responsible for penalties and attorneys fees pursuant to Louisiana statutory authority.  Plaintiffs further claim that they relied on Gualtieri as their insurance agent "to advise them of changes in their policies, to procure adequate insurance coverage each year in order to ensure that they have the correct type of insurance and the policy coverage amounts were sufficient to protect the plaintiffs from the damages caused by a hurricane." (Original Petition, ¶ XIII)  Specifically, plaintiffs contend that, during the renewal period in 2005, Gualtieri was negligent in "failing to procure adequate flood insurance which would sufficiently cover the plaintiffs for their damages sustained in a hurricane; failing to advise that excess flood insurance was available; failing to inform the plaintiffs that they were under-insured in their Allstate insurance policy; failing to inform the plaintiffs that their coverages should be increased as well as his misrepresentations in which he assured the plaintiffs that the Allstate fire (homeowners) insurance policy would cover and insure them for all the wind, tornado and rain damage caused by a hurricane."  Plaintiffs also contend that Gualtieri "negligently failed to alert the plaintiffs as to any 'concurrent causation clauses' in the policy and failed to advise the plaintiffs as to Allstate's claim adjusting policies and coverage limitations so they could determine the appropriate insurance coverage on their property." (Original Petition ¶ XIV) Plaintiffs contend that these negligent errors or omissions of Gualtieri were first discovered following Hurricane Katrina.  Plaintiffs further contend that Creel failed to adjust their claim in good faith and failed to disclose material information, which caused further delay and damage. (Original Petition, ¶ XVII)

On September 28, 2006, Allstate filed a Notice of Removal of the state court proceeding to this Court, contending that diversity jurisdiction exists under 28 U.S.C. § 1332(A)(1), and that the non-diverse defendants were improperly joined. Allstate contends that any claims against Gualtieri are time-barred under La. R.S. 9:5606, and also that he would have no liability for errors or omissions with regard to the contents of the insurance policy. Allstate also claims that plaintiffs cannot state a claim against defendant Creel, and that any such claims are misjoined.

Plaintiffs contend and Allstate concedes that Gualtieri and Creel did not consent to removal; Allstate maintains that such consent was not necessary under the aforementioned arguments. Both plaintiffs and Allstate agree that the amount in controversy exceeds $75,000, the jurisdictional requirement under diversity jurisdiction.

## **LAW AND ANALYSIS**

For purposes of this motion, the Court need only analyze the status of the claim against defendant Gualtieri. Accordingly, the Court will assume (but not decide whether) any claim against Creel should be disregarded for diversity considerations. Likewise, the Court will disregard the issue of whether the lack of consent to removal from Gualtieri and Creel is fatal to the removal of this matter from state court.

Contrary to Allstate's assertions, the original petition indeed states a claim against Gualtieri. Plaintiffs allege that Gualtieri affirmatively stated ("assured") plaintiffs that the Allstate policy will provide certain coverages relating to hurricane damage. Moreover, construing plaintiffs' petition broadly, Gualtieri's alleged "misrepresentations" could possibly include a description of Allstate's claim adjusting policies and the "concurrent causation clauses" described in ¶ XIV of the original petition. While the undersigned agrees with the proposition that the insured is chargeable with

3

knowledge of the coverages provided in a properly issued policy provided to the insureds, and cannot look to the agent for additional unpurchased coverages following the filing of a claim, the Court finds the allegations herein, at least on their face, to be distinguishable from such circumstances.  In other words, plaintiffs simply cannot allege that they believed they were covered because they trusted the insurance agent; there must be further allegations of either affirmative representations of the agent or specific requests by the insureds with which the agent did not comply in placing the insurance coverage.  *See, e.g., Dorsey v. M.F.R. Life Ins. Co.,* 1997 WL 703354 (E.D. La. 1997); *McCollum v. Harborview Town Houses, Inc.,* 428 So.2d 846 (La. App. 5th Cir. 1983); *Kimball v. Modern Woodmen of America,* 939 F.Supp. 479 (M.D. La. 1996).  In this case, at a bare minimum, plaintiffs make sufficient allegations which, if true, would warrant possible success on their claim against Gualtieri.[1]

---

[1] On November 22, 2006, Allstate filed a motion for leave to add the affidavit of Robert T. Gualtieri. It is of little help to Allstate in supporting its opposition.  In the affidavit, Gualtieri denies the allegations that he made any representations, or failed or refused to provide, certain insurance coverages relative to hurricanes or flood or other damages; and that he "never concealed from or otherwise failed to disclose any information to the Narcisses relative to their homeowner or flood insurance ..."  As stated previously, the allegations of the Narcisses' petition differs substantially.  Allstate's counsel makes no reference to Exhibit A in its memorandum in opposition to motion to remand, except to incorrectly point out (on Page 3) that "plaintiffs initially purchased their homeowner and flood insurance policies from Gualtieri on March 22, 1995."  In fact, Gualtieri's affidavit conflicts with Allstate's memorandum, as he maintains that the Narcisses purchased Allstate insurance as early as 1995 from Agent Donna Lozano, and then through Gualtieri beginning in August, 2000.  Thus, Gualtieri's affidavit refutes the statement in Allstate's memorandum that the Narcisses "initially purchased their homeowner and flood insurance policies from Gualtieri on March 22, 1995."

Allstate next contends that any claims against Gualtieri are time-barred pursuant to La. R.S. 9:5605.[2] Again, the bare allegations of the petition indicate that Gualtieri's actions and representations occurred "during the renewal period in 2005" (¶ XIV of Original Petition), and were not discovered until a time after August 29, 2005. Thus, according to plaintiffs, suit filed on August 26, 2006 is timely. The Court cannot find, based on the allegations of the original petition, that the claim against Gualtieri is necessarily time-barred.

Of course, further discovery may reveal that the claim against Gualtieri is entirely without merit, or that it is subject to dismissal under La. R.S. 9:5606. The task of the Court at this juncture, however, is not to evaluate the substantive merits of Allstate's (or Gualtieri's) position as a final adjudication, but to merely determine whether Allstate has met its heavy burden of demonstrating federal jurisdiction by predicting no reasonable basis for the imposition of liability on the non-

---

[2]That professional insurance agents are amenable to actions for damages is implicit in the statute creating time limits for such actions. La. R.S. 9:5606 provides as follows:

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

5

diverse defendant.  As the Court must resolve all ambiguities of state law in favor of the non-removing party, and considering the bare allegations of the plaintiffs' original petition, this matter should be remanded to state court.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Remand this matter to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, be and is hereby **GRANTED**.

New Orleans, Louisiana, this __7th__ day of December, 2006.

**KURT D. ENGELHARDT**
**United States District Judge**